FILED
2012 AUG -3 PM 2:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLFIN AI CA 5, LLC,<br><br>          Plaintiff,<br><br>    vs.<br><br>PAULETTE P. KENDRICKS, et al.,<br><br>          Defendants. | CASE NO. CV 12-6294 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

    On July 20, 2012, Defendant Paulette P. Kendricks, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover, because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    There is no basis for concluding that this unlawful detainer action could have been brought in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S.

546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). There is no basis for concluding that the amount in controversy exceeds the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint expressly alleges that the amount demanded does not exceed "$10,000." Nor does this unlawful detainer action raise any federal legal question on its face. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 200 West Compton Boulevard, Compton, CA 90220, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: AUG -2 2012

~~AUDREY B. COLLINS~~
ACTING CHIEF UNITED STATES DISTRICT JUDGE
DEAN D. PREGERSON